

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# USA v. Benson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Benson" (2008). *2008 Decisions.* Paper 1212.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5105
_____

UNITED STATES OF AMERICA

v.

STEPHEN BENSON,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No.04-cr-00493)
District Judge: Honorable Anita B. Brody

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 25, 2008

Before: McKEE, RENDELL, and TASHIMA,* <u>Circuit Judges</u>.

(Filed   May 19, 2008  )


_____

    *  Honorable A. Wallace Tashima, Senior Judge of the United States Court of
    Appeals for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.

This appeal arises out of the conviction of Steven Benson for a series of offenses based upon a botched robbery at Ugo's Market in Philadelphia. The witnesses to the crime included: Ann Giacomucci, the manager of the store; Michele ("Mike") Gesualdo, an elderly patron who frequented the store; and Officer Anthony Jones, the officer who arrived during the robbery. Officer Christopher Egan arrived soon thereafter and found the gun left on a shelf in the store.

When Officer Jones arrived, the robber was still in the store and tried to run out when Officer Jones ordered him to stop. The robber then ran back into the store and disappeared for a few seconds before reappearing and trying to walk away. At the preliminary hearing, both Officer Jones and Ms. Giacomucci were able to identify Benson but Mr. Gesualdo was not.

Benson was convicted by a jury of interference with interstate commerce by robbery, possession of a firearm in furtherance of a crime of violence, and possession of a firearm by a convicted felon. Benson filed a motion for new trial, setting forth essentially the same three arguments that he presents on appeal. These are: (1) that the District Court abused its discretion by refusing to appoint new counsel for Benson on the

day of trial; (2) that trial counsel was ineffective in that he failed to subpoena

Mr. Gesualdo to testify; and (3) that the District Court erred in giving a supplemental jury

instruction regarding the interstate commerce element of the federal robbery offense. We

find all three arguments unavailing and will affirm.

The District Court considered each of these arguments in turn in connection with

Benson's motion for new trial. The District Court not only held a hearing but wrote a

30-page comprehensive opinion addressing each aspect of each argument. We need not

restate here the District Court's thoughtful, persuasive analysis, but will note only the key

elements that compel us to affirm as to each of appellant's claims.

With respect to appellant's first argument, namely, Benson's request, on the day of

trial, for appointment of new counsel, we note that the District Court had already

appointed new counsel once before, based upon the same contention made by him on the

day of trial, *i.e.*, a "breakdown in communication." When Benson made this argument

with respect to trial counsel on the day of trial, the District Court inquired as to exactly

the nature of the communication breakdown. Counsel indicated that he and Benson had

discussed the case and the documents, and the judge then offered more time for them to

prepare for trial that afternoon. Not only did Benson not renew his objection, but he

indicated twice on the record that this proposal was "fair enough." Accordingly, we agree

with the District Court that denial of substitution of counsel and of continuance of trial

3

under these circumstances was not merely within the Court's discretion, but *well* within its discretion.[1]

With respect to appellant's second argument, that counsel's failure to subpoena Mr. Gesualdo constituted ineffective assistance of counsel, the District Court analyzed this argument in a thorough, thoughtful way. The District Court concluded that it mattered little whether or not it was reasonable for counsel to have believed that the government would subpoena Mr. Gesualdo, and whether or not it was reasonable that counsel was somewhat confused as to the various Italian witnesses, because there clearly was no prejudice, in that counsel could not have secured Mr. Gesualdo's attendance at trial. The District Court had ordered both counsel, before the trial, to try to subpoena Mr. Gesualdo, but defense counsel had learned that Mr. Gesualdo had suffered a heart attack and was in the hospital. (He died about a month after trial.) Accordingly, any ineffectiveness, if indeed it was ineffectiveness, did not result in prejudice. Further, Mr. Gesualdo's testimony from the preliminary hearing was read into the record at trial and may, in fact, have been stronger testimony than if he had been present at trial and appeared frail. Benson's ineffectiveness claim must therefore fail.

---

[1] We need not repeat all of the case law supporting the District Judge's ruling, as she included ample authority in her opinion.

4

The third argument raised by Benson, that the supplemental jury instruction regarding the requisite effect on interstate commerce was improper, was similarly rejected by the District Court. The District Court had given an initial instruction that had been agreed upon by both sides. Thereafter the jury inquired as to a possible inconsistency between certain words in the instruction, and the government proposed that the District Court give a supplemental instruction that we referred to approvingly in *United States v. Haywood*, 363 F.3d 200, 210 (3d Cir. 2004). Over defense counsel's objection, the District Court gave that supplemental instruction, which expanded upon the concept of the effect on interstate commerce by noting that the effect could be "slight, subtle or even potential." While it is arguable that this instruction set forth a broader concept of "effect" than had the previous instruction, this statement of the law was correct. While Benson contends that this instruction introduced a new theory of liability, we disagree. Rather, the instruction constituted a conceptual variation, ever so slight, from the instruction previously given, and was clarifying in its content. Because it represented a correct instruction under the law, we would have difficulty in overturning the District Court's resort to this instruction.

Accordingly, we will AFFIRM the Judgment and Conviction Order of the District Court.

5